IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHEILA A. TURNER,

        Plaintiff,

v.

JOANNE B. BARNHART, Commissioner of Social Security,

        Defendant.

No. CV 04-02650 SBA

**ORDER**

Plaintiff Sheila A. Turner ("Plaintiff") brings this action pursuant to the judicial review provision of the Social Security Act, 42 U.S.C. § 405(g). Plaintiff seeks review of the decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying Plaintiff's request for a hearing. Now before the court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction.

**BACKGROUND**

On March 9, 2000, Plaintiff filed an application for Supplemental Security Income ("SSI"). (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint ("Opposition"), p. 2.) The application was denied initially and again upon reconsideration. (Opposition, p. 2.) Plaintiff had a subsequent hearing before an Administrative Law Judge ("ALJ"), and the ALJ denied benefits on July 26, 2002. (Opposition, p. 2.) Plaintiff then requested review by the Appeals Council, and the Appeals Council issued its decision on September 17, 2003. (Opposition, p. 2.) The Appeals Council vacated the ALJ's decision and remanded the case for a new hearing. (Opposition, p. 2.)

In October, 2003, Plaintiff underwent extensive psychological testing to determine her

1 intelligence. (Declaration of Kathryn J. Lewis in Support of Opposition ("Lewis Decl."), Exh. 3.) The
2 overall conclusion was that Plaintiff had an IQ of 70, putting her in the bottom 2% of the population.[1]
3 (*Id.*)

4 On January 17, 2004 the Administrative Law Judge ("ALJ") sent a notice to Plaintiff, indicating
5 that there would be a hearing at 9:30 AM, February 18, 2004. (Defendant's Notice, Motion, and
6 Memorandum in Support of Defendant's Motion to Dismiss Plaintiff's Complaint ("Motion"), p. 2.) The
7 notice stated that failure to attend the hearing could result in dismissal of the application. (Declaration
8 of Dennis V. Ford in Support of Motion ("Ford Decl."), Exh. 2.) On February 11, 2004, Plaintiff signed
9 the acknowledgment form, indicating that she would attend the hearing. (*Id.*) The hearing office of the
10 ALJ received the form on February 13, 2004, but it was not associated with Plaintiff's claim file until
11 February 23, 2004. (Motion, p. 2, n.1.) On February 17, 2004, the hearing office called Plaintiff to
12 determine if she would be attending the hearing. (Ford Decl., Exh. 4.) Plaintiff indicated that she would
13 attend the hearing. (*Id.*)

14 On February 18, 2004, Plaintiff did not arrive for the 9:30 hearing as scheduled. (*Id.*) Plaintiff
15 arrived at the hearing office at 2:30, and had attended an awards ceremony that morning. (*Id.*) Plaintiff
16 was carrying the notice of the hearing, and the notice clearly specified the 9:30 appointment time. (*Id.*)

17 On February 18, 2004, the ALJ issued an order dismissing the request for hearing, and the order
18 indicated only that Plaintiff did not appear for the hearing. (Ford Decl., Exh. 3.) On February 23, 2004,
19 the ALJ issued a revised order dismissing the request for hearing after it came to his attention that
20 Plaintiff had returned the written acknowledgment that she would attend the hearing. (Ford Decl., Exh.
21 4.) The revised order indicated that Plaintiff did appear at 2:30. (Id.) The ALJ concluded that Plaintiff
22 did not attend the hearing at the designated time because she "felt that her awards ceremony was more
23 important than the hearing." (*Id.*)

---

[1] "Mild mental retardation is typically used to describe people with an IQ level of 50-55 to approximately 70." *Atkins v. Virginia*, 536 U.S. 304, 308 n.3 (2002) (citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 41 (4th ed. 2000)).

On April 23, 2004, counsel[2] assisted Plaintiff in filing a request for review with the Appeals Council.[3] (Opposition, p. 2; Lewis Decl., Exhs. 1-2.) On April 26, 2004, Plaintiff filed with the Appeals Council detailed results of Plaintiff's developmental and intelligence testing. (Opposition, p. 2-3; Lewis Decl., Exh. 3.) On June 1, 2004, the Appeals Council issued its notice that it found no reason under the rules to review the ALJ's dismissal. (Ford Decl., Exh. 5.) The form letter notice provided no indication of whether the Appeals Council considered Plaintiff's mental limitations. (*Id.*)

On July 1, 2004, Plaintiff appealed the dismissal to this Court, requesting only that the Court remand the case to the Commissioner and Plaintiff be afforded an opportunity to show good cause for her failure to appear timely for her administrative hearing. (Docket No. 1)

## STANDARD OF REVIEW

42 U.S.C. §§ 405(g)-(h) delimit the scope of judicial review for social security claims. Civil actions for social security claims are limited to reviewing "the final decision of the Commissioner made after a hearing." *Califano v. Sanders*, 430 U.S. 99, 108 (1977). The Social Security Act does not define the term "final decision," so "its meaning is left to the [Commissioner] to flesh out by regulation." *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). A dismissal of a hearing request is not a "final decision." *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990); 20 C.F.R. § 416.1457(b)(1)(i). Although a plaintiff can only make a direct appeal based on a final decision, a party can collaterally attack denials "where the Secretary's denial ... is challenged on constitutional grounds." *Califano*, 430 U.S. at 109. Specifically, a colorable constitutional claim must "implicate a due process right to a meaningful opportunity to be heard." *Evans v. Chater*, 110 F.3d 1480, 1482-83 (9th Cir. 1997).

## DISCUSSION

Neither the ALJ's order nor the notice of the Appeals Council action indicate any consideration of the Plaintiff's mental limitations in finding no good cause for failure to appear. (Ford Decl., Exhs. 4, 5.) The issue before the Court is whether the Commissioner's failure to consider Plaintiff's mental

---

[2] Plaintiff obtained counsel for the first time after the dismissal by the ALJ.

[3] This was Plaintiff's second appeal to the Appeals Council. In response to the earlier appeal, the Appeals Council had vacated the order of the ALJ and remanded to the ALJ for a new hearing. This second appeal dealt only with the ALJ's dismissal of the second hearing after Plaintiff failed to appear timely for the hearing.

3

limitations is a colorable constitutional claim of a violation of Plaintiff's due process rights.

An ALJ may dismiss a hearing request if neither the claimant nor the claimant's representative appears at a the designated place and time for the hearing. 20 C.F.R. § 416.1457(b)(1)(i). However, the ALJ must determine if the claimant had good cause for the failure to appear. (*Id.*) In determining good cause, the SSA "*will* consider any physical, mental, educational, or linguistic limitations" that the claimant may have. 20 C.F.R. § 416.1457(b)(2) (emphasis added). Administrative agencies are obligated to follow their own regulations. *Black v. ICC*, 737 F.2d 643, 652 n. 3 (7th Cir.1984) (quoting *Pacific Molasses Co. v. FTC*, 356 F.2d 386, 389-90 (5th Cir.1966) (citations omitted)).

Plaintiff's asserted confusion must be considered in light of Plaintiff's limited mental capacity. (Lewis Decl., Exh. 3.) Because the hearing office was under the mistaken impression that Plaintiff had not returned the acknowledgment form, the phone call on February 17, 2005 could have created confusion for Plaintiff. (Motion, p. 2 n.1; Ford Decl., Exh. 4.) There is no detailed record of the phone conversation to indicate what was said. (Ford Decl., Exh. 4.) Because Defendant asserts only that Plaintiff indicated she would attend the hearing the next day, Plaintiff's arrival at 2:30 could, in her mind, have been proper. (*Id.*)

Extensive testing of Plaintiff in October, 2003 demonstrated that Plaintiff has a Verbal IQ of 70, Full-Scale IQ of 70, Verbal Comprehension of 70, and a Perceptual Organization of 69. (Lewis Decl., Exh. 3.) These scores put Plaintiff at the bottom 2% of the population in each of these categories. (*Id.*) These scores demonstrate a significant mental limitation. Importantly, scores at this level are recognized by the SSA as demonstrating a threshold level of impairment for purposes of establishing disability. 20 C.F.R. Part 404, Subpart P, Appendix I, ¶ 12.05.

Neither the opinion of the ALJ nor the notice of the Appeals Council addressed Plaintiff's mental limitations. (Ford Decl., Exhs. 3-5.) Although the ALJ may not have been aware of the evidence documenting Plaintiff's mental limitations, this evidence was before the Appeals Council. (Lewis Decl., Exhs. 1-3.)

In *Evans v. Chater*, 110 F.3d 1480 (9th Cir. 1997), the Ninth Circuit addressed the circumstances under which a Social Security claimant could appeal an administrative decision based on an asserted due process violation by an Administrative Law Judge. In *Evans*, the plaintiff asserted that the ALJ

4

1 violated his due process rights when the ALJ refused to reopen plaintiff's earlier applications for
2 Supplemental Security Income ("SSI"). (*Id.* at 1481.) The court found that the allegation of mental
3 impairment, together with the lack of representation by counsel was sufficient to assert a due process
4 claim. (*Id.* at 1483.) Here, Plaintiff's documented mental limitations together with the lack of counsel
5 at the time of the hearing compel the conclusion that Plaintiff has a colorable constitutional claim. *See*
6 *id*.

7 Defendant's reliance on the cases *Hoye v. Sullivan*, 985 F.2d 990 (9th Cir. 1992) and *Boettcher*
8 *v. Secretary of HHS*, 759 F.2d 719 (9th Cir. 1985) is misplaced. In *Hoye*, the plaintiff refused to attend
9 the hearing, and in *Boettcher* the plaintiff refused to proceed with the hearing because he did not want
10 de novo review of the entire case. *Hoye*, 985 F.2d at 991; *Boettcher*, 759 F.2d at 720. Although
11 Plaintiff arrived late to the hearing, there is no indication that Plaintiff refused to attend or participate.
12 Defendant's reference to *Matlock v. Sullivan*, 908 F.2d at 493 (9th Cir. 1990) is also misplaced.
13 (Motion, p. 5.) In *Matlock*, the plaintiff's claim was denied after a hearing with the ALJ, and the
14 plaintiff did not appeal. (*Id.* at 492-93.) Eighteen months later, long after the 60 day appeal deadline,
15 the plaintiff requested a review by the Appeals Council on the grounds that he had been incarcerated.
16 (*Id.*) The factual scenario in *Matlock* does not bear on this case.

**CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Dismiss is DENIED. The Court REMANDS to the ALJ for the limited purpose of determining, in light of Plaintiff's mental limitations, whether Plaintiff had good cause for not timely appearing at the February 18, 2004 hearing.

IT IS FURTHER ORDERED THAT all matters calendared in this action are VACATED. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: February 16, 2006                              /s/ Saundra B. Armstrong

SAUNDRA BROWN ARMSTRONG
United States District Judge